IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACKERY HUNT,

    Petitioner,                           No. CIV S-06-0141 MCE GGH P

    vs.

BOARD OF PRISON TERMS, et al.,

    Respondents.                      ORDER

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner alleges that at a belated Valdivia hearing on November 23, 2005, he received, for having violated parole, a sentence of ten months at half time. Petition, p. 2. As petitioner had been incarcerated on the parole violation for six months at that point, he was told by the hearing commissioner that he would probably be released upon his return back to the prison. Id. Petitioner was later informed, on December 23, 2005, by a records analyst that the half time had been transmuted to flat time because he had had a violent commitment and was not eligible for half-time. Id., p. 3. Petitioner seeks a hearing or

---

[1] Although petitioner has not filed an in forma pauperis affidavit or paid the required filing fee ($5.00) (28 U.S.C. §§ 1914(a); 1915(a)), the court will not require it for screening this application at this point.

1

release from custody and money damages.

        To the extent that petitioner seeks release from custody, he must proceed by way of a petition for writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 489, 93 S. Ct. 1827 [] (1973) (when a state prisoner challenges the legality of his custody and the relief he seeks is the determination of his entitlement to an earlier or immediate release, his sole federal remedy is a writ of habeas corpus).

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[2] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

        After reviewing the petition for habeas corpus, the court finds that petitioner has failed to exhaust state court remedies. The claims have not been presented to the California Supreme Court. Further, there is no allegation that state court remedies are no longer available to petitioner. Accordingly, the petition should be dismissed without prejudice.[3]

        On the other hand, petitioner also seeks money damages for claims that state a colorable due process violation. In order to proceed on his claim for money damages, petitioner must proceed as plaintiff in a civil rights action. Nelson v. Campbell, 541 U.S. 637, 124 S. Ct.

---

[2] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

[3] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

2117, 2122 (2004), citing Muhammad v. Close, 540 U.S.749 , 750, 124 S.Ct. 1303, 1304 [] (2004) (per curiam); Preiser, supra, at 498-499, 93 S. Ct. 1827 (constitutional claims challenging the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, to be brought pursuant to 42 U.S.C. § 1983).  See also, Wilkinson v. Dotson, 544 U.S. 74, 125 S. Ct. 1242 (2005) (prisoner may challenge the constitutionality of parole procedures, seeking declaratory and injunctive relief, pursuant to 42 U.S.C. § 1983).

        If petitioner, as plaintiff, chooses to file a civil rights complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must name each defendant and must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

        In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

        Moreover, should petitioner elect to proceed as plaintiff in a civil rights action, he must file an in forma pauperis affidavit or pay the required filing fee of $250.00.  See 28 U.S.C.

§§ 1914(a), 1915(a). Plaintiff will be provided the opportunity either to submit the appropriate affidavit in support of a request to proceed in forma pauperis or to submit the appropriate filing fee. He will also be provided the form for filing a civil rights action in this district.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's petition is dismissed for failure to exhaust state court remedies without prejudice to petitioner, as plaintiff, filing a civil rights action within thirty days of the filed date of this order. Failure to file a civil rights complaint will result in a recommendation that this action be dismissed for petitioner's failure to exhaust state court remedies as to his habeas petition and, alternatively, as plaintiff, for his failure to file a civil rights complaint.

2. Petitioner, as plaintiff, shall submit, within thirty days from the date of this order, an affidavit in support of his request to proceed in forma pauperis on the form provided by the Clerk of Court, or the appropriate filing fee; failure to comply with this order will also result in a recommendation of dismissal of this action;

3. The Clerk of the Court is directed to send plaintiff a form for filing a civil rights complaint by a prisoner in this district and an Application to Proceed In Forma Pauperis By a Prisoner; and

4. Upon the filing of a civil rights complaint, the Clerk of the Court will be directed to re-designate this action as one brought pursuant to 42 U.S.C. § 1983.

DATED: 2/24/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
hunt0141.ord