1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ZACKERY HUNT,

11              Plaintiff,                    No. CIV S-06-0141 MCE GGH P

12        vs.

13   R. RODRIGUEZ, et al.,

14              Defendants                    ORDER

15   _____/

16          Plaintiff, a former state prisoner[1] proceeding pro se, seeks relief pursuant to 42

17   U.S.C. § 1983.[2]  Pending before the court is defendants' May 2, 2007, motion for more definite

18   statement, to which plaintiff has failed to file a response although court records reflect plaintiff

19   was properly served with notice of the motion.  Local Rule 78-230(m) provides in part:  "Failure

20   of the responding party to file written opposition or to file a statement of no opposition may be

21   deemed a waiver of any opposition to the granting of the motion . . . ."  Further, Local Rule 11-

22   110 provides that failure to comply with the Local Rules "may be grounds for imposition of any

23   ─────────────────────

24        [1] Plaintiff's notices of change of address, filed on December 26, 2006, and on January 9,
     2007, indicate that plaintiff has paroled.

25        [2] By order filed on February 27, 2006, the petition filed in this case, pursuant to 28 U.S.C.
     § 2254, was dismissed, but plaintiff was granted leave to amend to seek relief under 42 U.S.C.
26   §1983.

1   and all sanctions authorized by statute or Rule or within the inherent power of the Court."

2          By order filed December 21, 2006, plaintiff was advised of the above

3   requirements for filing opposition under the Local Rules and cautioned that failure to comply

4   with the Local Rules might result in the imposition of sanctions, including dismissal of this

5   action.  Therefore, on that ground alone, the court could dismiss the complaint.

6   Motion for More Definite Statement

7                    *Legal Standard*

8          Motions for more definite statement are governed by Rule 12(e).  "Rule 12(e) is

9   designed to strike at unintelligibility, rather than want of detail."  Woods v. Reno Commodities,

10  Inc., 600 F.Supp. 574, 580 (D.Nev. 1984); Nelson v. Quimby Island Reclamation Dist., 491

11  F.Supp. 1364, 1385 (N.D. Cal. 1980).  Rule 12(e) permits a party to move for a more definite

12  statement "[i]f a pleading is so vague that a party cannot reasonably be required to frame a

13  responsive pleading."  The function of such a motion is thus not to require the pleader to disclose

14  details of the case, Boxall v. Sequoia Union High School Dist., 464 F.Supp. 1104, 1114 (N.D.

15  Cal. 1979), nor to provide the evidentiary material that may properly be obtained by discovery.

16  Famolare, Inc. v. Edison Bros. Stores, Inc., 525 F.Supp. 940, 949 (E.D. Cal. 1981).  A motion for

17  more definite statement should be denied if a pleading meets federal standards by providing a

18  "short and plain statement" of the claim showing that the pleader is entitled to relief.  See Fed. R.

19  Civ. P. 8(a)(2).

20                    *Discussion*

21         Plaintiff initially filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §

22  2254, which was dismissed by order filed on February 27, 2006, with leave to amend, pursuant to

23  42 U.S.C. § 1983.  By order, filed on October 27, 2006, the complaint was found appropriate for

24  service upon defendants Parole Agent R. Rodriguez, B. Buford, J. Iniguez; and, on December 21,

25  2006, service of the complaint was ordered.  On March 27, 2007, the court granted defendants a

26  45-day extension of time to file a response to the complaint.

1    Defendants move for a more definite statement and ask the court to screen any

2    amended complaint, after which they seek thirty days to file a responsive pleading.  Defendants

3    point out that although the plaintiff's refers in the caption of his complaint to allegations against

4    defendant Buford on pages 6 through 8a, and against defendant Iniguez, on pages 9 through 11a,

5    and against defendant Rodriguez on pages 4-5,[3] pages 6, 7, 9, 10, and 11a, are missing.  Although

6    plaintiff does reference all three defendants in the portions of the complaint that have been filed,

7    defendants' point is well-taken that the allegations against defendants Buford and Iniguez, at

8    least, are vague to the point that they cannot reasonably be required to frame a responsive

9    pleading.

10    Moreover, the court, upon re-screening it at this time, finds that plaintiff has failed

11    to state a claim as to the defendants. The court is required to screen complaints brought by

12    prisoners seeking relief against a governmental entity or officer or employee of a governmental

13    entity.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the

14    prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

15    which relief may be granted, or that seek monetary relief from a defendant who is immune from

16    such relief.  28 U.S.C. § 1915A(b)(1),(2).

17    A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

18    Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

19    (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

20    indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

21    490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

22    pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

23    Cir. 1989); Franklin, 745 F.2d at 1227.

24    \\\\\

25    
26    [3] Because the complaint form is numbered as beginning on page 3, the court disregards defendants' reference to the complaint also missing pages 1 and 2.

1    A complaint, or portion thereof, should only be dismissed for failure to state a

2    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

3    of facts in support of the claim or claims that would entitle him to relief.  See Hishon v. King &

4    Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also

5    Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing

6    a complaint under this standard, the court must accept as true the allegations of the complaint in

7    question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the

8    pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.

9    Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

10    Plaintiff contends that defendant Rodriguez, his parole agent, placed a parole hold

11    on him, following his arrest, on 5/31/05, considering him to be a parole violator with a new

12    commitment.  Complaint, pp. 4-5. Plaintiff maintains that the hold was beyond his discharge

13    date, which plaintiff discovered on 2/25/06 (and, confusingly, on 1/31/06).  Id., at 5.  He claims

14    that he found that he had discharged from three years of parole on 4/17/05, thus, before his initial

15    parole hold date.  Id.  Plaintiff thus served an additional ten months.  Id.   Plaintiff then received

16    a new prison term of 16 months, with 14 months credit, making his release date on 8/18/05, at

17    which time he was not released.  Plaintiff's claim is that the new prison term should have

18    overridden the 10-month parole violation term.  However, he alleges that defendants Buford and

19    Iniguez required plaintiff to complete the 10-month violation, extending his parole release date

20    until 3/27/06, with another 3-year parole term, based on the new commitment.  Plaintiff seeks

21    money damages.  He also seeks an order stating that he discharged from the prior commitment on

22    4/17/05.

23    Plaintiff's initial filing, in the form of a petition, was dismissed with leave to

24    amend because plaintiff, then petitioner, had failed to exhaust state court remedies.  See Order,

25    filed on February 27, 2006.  Plaintiff was granted leave to amend in the form of an action under §

26    1983, to state what appeared to be colorable due process claims.  However, in re-screening the

4

complaint, it appears to the court that plaintiff has not set such claims forth.  It appears that plaintiff is simply making claims of violations of his rights under state law.  Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002), quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425 (1987)("The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"; White v. White, 731 F.2d 1440, 1442 (9th Cir. 1984)("Federal jurisdiction exists if a complaint claims a right to recover under the Constitution and laws of the United States and the claim is not wholly insubstantial and frivolous").   In this case, plaintiff's complaint is neither "well-pleaded," nor is a federal question presented on the face of it.  The complaint will be dismissed but plaintiff will be granted thirty days' leave to amend.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

1  original complaint, each claim and the involvement of each defendant must be sufficiently

2  alleged.

3                      Accordingly, IT IS HEREBY ORDERED that:

4                      1.  Defendants' unopposed motion for more definite statement, filed on May 2,

5  2007, is granted; in addition, the court has found that plaintiff has failed to state a claim, and

6  plaintiff's complaint is dismissed with leave to file an amended complaint within thirty days;

7  should plaintiff fail to file an amended complaint timely, this court will recommend dismissal of

8  this action;

9                      2.  To the extent that defendants ask the court to screen any amended complaint

10  prior to requiring a response from defendants, that portion of the motion is denied; rather within

11  thirty days of the filing of any amended complaint, defendants must file and serve their response.

12  DATED: 7/9/07

                                            /s/ Gregory G. Hollows

13                                       _____

14                                       UNITED STATES MAGISTRATE JUDGE

15

16  GGH:009
    hunt0141.51

17

18

19

20

21

22

23

24

25

26