1

2

3

4

5

6

7

8                     IN THE UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ZACKERY HUNT,

11              Plaintiff,                    No. CIV S-06-0141 MCE GGH P

12        vs.

13   R. RODRIGUEZ, et al.,

14              Defendants              ORDER &

15   _____/          FINDINGS AND RECOMMENDATIONS

16   Introduction

17              Plaintiff, a former state prisoner[1] proceeding pro se, seeks relief pursuant to 42

18   U.S.C. § 1983.  Pending before the court is 1) defendants' August 20, 2007, motion to dismiss

19   pursuant to Fed. R. Civ. P. 12(b)(6), to which plaintiff filed an opposition, after which defendants

20   filed a reply; and 2) plaintiff's September 26, 2007, motion for summary judgment, a completely

21   deficient filing wherein plaintiff only seeks permission in a sentence to move for summary

22   judgment and does not actually file a motion pursuant to Fed. R. Civ. P. 56.

23   \\\\\

24   _____

25        [1] Plaintiff's filed notices of change of address, on December 26, 2006, and on January 9,
     2007, indicating that he had paroled; subsequently, he filed on September 26, 2007, and October
26   16, 2007, notices of change of address indicating that he was again incarcerated.  As of February
     1, 2008, however, he indicates that he has paroled again.

Background

Plaintiff initially filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which was dismissed by Order filed on February 27, 2006, with leave to amend, pursuant to 42 U.S.C. § 1983.  By Order, filed on October 27, 2006, the complaint was found appropriate for service upon defendants Parole Agent R. Rodriguez, B. Buford, J. Iniguez; and, on December 21, 2006, service of the complaint was ordered.  On March 27, 2007, the court granted defendants a 45-day extension of time to file a response to the complaint.  By Order, filed on July 9, 2007, the court, noting that the defendants' May 2, 2007, motion for more definite statement was unopposed, granted the motion and upon re-screening the complaint, also found that plaintiff had failed to state a claim as to the defendants.  The complaint was dismissed with leave to amend.

In the prior order, the undersigned set forth the following:

Plaintiff contends that defendant Rodriguez, his parole agent, placed a parole hold on him, following his arrest, on 5/31/05, considering him to be a parole violator with a new commitment. Complaint, pp. 4-5.  Plaintiff maintains that the hold was beyond his discharge date, which plaintiff discovered on 2/25/06 (and, confusingly, on 1/31/06). Id., at 5.  He claims that he found that he had discharged from three years of parole on 4/17/05, thus, before his initial parole hold date.  Id.  Plaintiff thus served an additional ten months.  Id.  Plaintiff then received a new prison term of 16 months, with 14 months credit, making his release date on 8/18/05, at which time he was not released.  Plaintiff's claim is that the new prison term should have overridden the 10-month parole violation term.  However, he alleges that defendants Buford and Iniguez required plaintiff to complete the 10-month violation, extending his parole release date until 3/27/06, with another 3-year parole term, based on the new commitment.  Plaintiff seeks money damages.  He also seeks an order stating that he discharged from the prior commitment on 4/17/05.

Plaintiff's initial filing, in the form of a petition, was dismissed with leave to amend because plaintiff, then petitioner, had failed to exhaust state court remedies.  See Order, filed on February 27, 2006.  Plaintiff was granted leave to amend in the form of an action under § 1983, to state what appeared to be colorable due process claims.  However, in re-screening the complaint, it appears to the court that plaintiff has not set such claims forth.  It appears that plaintiff is simply making claims of violations of his rights under

2

1    state law.  Wayne v. DHL Worldwide Express, 294 F.3d 1179,
     1183 (9th Cir. 2002), quoting Caterpillar Inc. v. Williams, 482 U.S.
2    386, 392, 107 S.Ct. 2425 (1987) ("The presence or absence of
     federal-question jurisdiction is governed by the 'well-pleaded
3    complaint rule,' which provides that federal jurisdiction exists only
     when a federal question is presented on the face of the plaintiff's
4    properly pleaded complaint"; White v. White, 731 F.2d 1440, 1442
     (9th Cir. 1984) ("Federal jurisdiction exists if a complaint claims a
5    right to recover under the Constitution and laws of the United
     States and the claim is not wholly insubstantial and frivolous").  In
6    this case, plaintiff's complaint is neither "well-pleaded," nor is a
     federal question presented on the face of it.  The complaint will be
7    dismissed but plaintiff will be granted thirty days' leave to amend.

8    Order, filed on July 9, 2007, pp. 4-5.  An amended complaint was filed on July 23, 2007.

9    First Amended Complaint

10           Plaintiff claims a violation of his right to due process, also setting forth a claim he

11   denominates "lost of liberty," by which he no doubt intends to set forth that he has been

12   unconstitutionally deprived of his freedom in violation of due process (under the Fourteenth

13   Amendment); plaintiff also claims a violation of his right to be free from cruel and unusual

14   punishment (under the Eighth Amendment) and asserts these claims as to all defendants.  First

15   Amended Complaint (FAC), pp. 4-6.

16           Plaintiff alleges that defendant R. Rodriguez, a parole agent, on about July 12,

17   2006, placed a parole hold on plaintiff in San Jose County Jail, although plaintiff had discharged

18   from parole "during the event."  FAC, pp. 2, 4.  In addition, plaintiff suffered eight months of

19   incarceration due to the parole hold placement by defendant Rodriguez and the other defendants.

20   FAC, p. 4.

21           On or around December 23, 2006, defendant B. Buford, an Acting Parole Board

22   Hearing Commissioner, sentenced plaintiff to ten months flat time in prison, which plaintiff

23   served at Corcoran State Prison but plaintiff had discharged from parole.  FAC, pp. 2, 5.

24           On or around December 23, 2006, defendant Iniguez, a Parole Board Commission

25   sentenced plaintiff to ten months flat time in prison although plaintiff had discharged from

26   parole.  FAC, pp. 2, 6.

1    Plaintiff seeks money damages.

2    Motion to Dismiss

3    Defendants move for dismissal for failure to state a claim on the grounds that

4    plaintiff's sparse allegations are insufficient to state a claim; that he has not alleged facts to

5    support a claim of violation of his due process rights or a claim of deliberate indifference; and

6    that defendants Buford and Iniguez are entitled to quasi-judicial immunity.  Motion to Dismiss

7    (MTD), pp. 1-6.

8    *Legal Standard*

9    In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6),

10   a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

11   it must contain factual allegations sufficient to "raise a right to relief above the speculative

12   level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S.Ct. 1955, 1965 (2007).  "The pleading

13   must contain something more...than...a statement of facts that merely creates a suspicion [of] a

14   legally cognizable right of action."  Id., quoting 5 C. Wright & A. Miller, Federal Practice and

15   Procedure § 1216, pp. 235-236 (3d ed. 2004).

16   In considering a motion to dismiss, the court must accept as true the allegations of

17   the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S.

18   Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the

19   motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

20   89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume

21   that general allegations embrace those specific facts that are necessary to support the claim.'"

22   National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803

23   (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

24   Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

25   Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

26   \\\\\

1    The court may consider facts established by exhibits attached to the complaint.

2 Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

3 consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

4 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

5 papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

6 1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

7 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

8    A pro se litigant is entitled to notice of the deficiencies in the complaint and an

9 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

10 Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

11 Discussion

12    As to defendants' argument that defendants Buford and Iniguez, Parole Board

13 commissioners, are entitled to quasi-judicial immunity (MTD, pp. 5-6), they are correct,

14 notwithstanding plaintiff's contention otherwise (Opposition (Opp.), p. 3.

15    In Sellars v. Procunier, 641 F.2d 1295 (9th Cir.), cert. denied, 454 U.S. 1102

16 (1981), the Ninth Circuit addressed the question of whether parole board officials are entitled to

17 qualified or absolute immunity from civil rights suits.  The court considered the fact that

18 "absolute immunity for parole board officials does leave the genuinely wronged prisoner without

19 civil redress against the official whose malicious or dishonest actions deprive the prisoner of

20 liberty."  Id. at 1303.  But the court reasoned that because "parole board officials perform

21 functionally comparable tasks to judges when they decide to grant, deny, or revoke parole," the

22 broader public interest would best be served by granting parole board officials the absolute

23 immunity given to judges, in order to keep them free from fear of litigation.  See also, Swift v.

24 California, 384 F.3d 1184, 1189 (9th Cir. 2004) ("[a]bsolute immunity has also been extended to

25 parole officials for the 'imposition of parole conditions' and the 'execution of parole revocation

26 procedures,' tasks integrally related to an official's decision to grant or revoke parole" [internal

1  citation omitted]).   Here, plaintiff seeks to implicate defendants Buford and Iniguez for

2  performing a quasi-judicial function of Parole Board members, that is, for rendering a sentencing

3  decision, evidently arising from a parole violation.  Even if these defendants were wrong as to

4  when plaintiff was to have been discharged from parole, they are immune from a civil suit for

5  money damages by plaintiff.  Therefore, the court must recommend dismissal of defendants

6  Buford and Iniguez from this action with prejudice.

7         As to defendant Rodriguez, a parole agent, however, there is no such immunity

8  (nor do defendants make any such argument).  As the Ninth Circuit has stated:

9         Under California's system of parole, a parole agent acts as a law
          enforcement official when investigating parole violations and
10        executing parole holds...  Both the California Supreme Court and
          the United States Supreme Court have observed that as "peace
11        officers," parole officers perform a "law enforcement function."
          People v. Willis, 28 Cal.4th 22, 40, 120 Cal.Rptr.2d 105, 118, 46
12        P.3d 898, 909 (2002) (quoting Cabell v. Chavez-Salido, 454 U.S.
          432, 443-44, 102 S.Ct. 735, 70 L.Ed.2d 677 (1982))...

13
          We have held that prosecutors are not entitled to quasi-judicial
14        immunity when "performing investigatory or administrative
          functions, or [when] essentially functioning as a police officer or
15        detective." Broam, 320 F.3d at 1028. Given that prosecutors are
          not entitled to absolute immunity when performing investigatory or
16        law enforcement functions, we hold that parole officers cannot be
          entitled to absolute immunity when performing the same functions.
17

18 Swift, supra, at 1191.

19         Because, therefore, plaintiff is alleging that defendant Rodriguez placed an

20 improper parole hold upon him while evidently performing the function of a law enforcement

21 officer, this defendant is not absolutely immune from suit.  On the other hand, defendants are

22 correct that plaintiff's allegations remain both too sparse and vague.[2]   The court will recommend

23

24        [2] In essence, plaintiff violates as well Fed. R. Civ. P. 8, by failing to set forth "sufficient
   allegations to put defendants fairly on notice of the claims against them." McKeever v. Block,
   932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640,
25 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the
   notice requirement of  Rule 8.)
26

                                              6

1   dismissal on the ground that plaintiff has failed to state a claim as to the allegations he has set

2   forth against defendant Rodriguez, but plaintiff will be granted one final opportunity to amend

3   within thirty days.  His second amended complaint against defendant Rodriguez must set forth at

4   a minimum, in addition to the date of the parole hold allegedly placed by this defendant upon

5   plaintiff, explicitly the date upon which plaintiff believes he was previously discharged from

6   parole prior to the placement of the parole hold and the basis for this allegation of a prior parole

7   discharge.

8           If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the

9   conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See

10  Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms

11  how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless

12  there is some affirmative link or connection between a defendant's actions and the claimed

13  deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir.

14  1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

15  allegations of official participation in civil rights violations are not sufficient.  See Ivey v. Board

16  of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

17          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

18  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

19  amended complaint be complete in itself without reference to any prior pleading.  This is

20  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

21  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

22  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

23  original complaint, each claim and the involvement of each defendant must be sufficiently

24  alleged.

25  \\\\\

26  \\\\\

1          Accordingly, IT IS HEREBY ORDERED that:

2          1.  Defendants' motion to dismiss, filed on August 20, 2007 (# 27), is granted

3   with leave to amend only as to defendant Rodriguez, within thirty days; plaintiff's failure to file a

4   timely second amended complaint, as set forth above, will result in a recommendation of

5   dismissal of this action; and

6          2.  Plaintiff's motion for summary judgment, filed on September 26, 2007 (# 30),

7   is disregarded as wholly defective.

8          IT IS RECOMMENDED that defendants' motion to dismiss, filed on August 20,

9   2007 (# 27), be granted with prejudice as to defendants Buford and Iniguez, and these defendants

10  be dismissed from this action.

11         These findings and recommendations are submitted to the United States District

12  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within **fifteen**

13  days after being served with these findings and recommendations, any party may file written

14  objections with the court and serve a copy on all parties.  Such a document should be captioned

15  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

16  shall be served and filed within ten days after service of the objections.  The parties are advised

17  that failure to file objections within the specified time may waive the right to appeal the District

18  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

19  DATED: 02/28/08

                                    /s/ Gregory G. Hollows
20  _____
                                    UNITED STATES MAGISTRATE JUDGE
21

22
    GGH:009
23  hunt0141.mtd

24

25

26

8