IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACKERY HUNT,

        Plaintiff,                No. CIV S-06-0141 MCE GGH P

    vs.

R. RODRIGUEZ, et al.,

        Defendants         <u>ORDER</u>

_____/

<u>Introduction</u>

        Plaintiff, a state prisoner[1] proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983.  Pending before the court is 1) defendant's July 24, 2008, motion to dismiss the second amended complaint, pursuant to Fed. R. Civ. P. 12(b)(6), to which plaintiff filed objections, which the court construes as an opposition, after which defendant filed a reply; 2) plaintiff's

_____

[1] Plaintiff's filed notices of change of address, on December 26, 2006, and on January 9, 2007, indicated that he had been paroled; subsequently, he filed on September 26, 2007, and October 16, 2007, notices of change of address indicating that he was again incarcerated.  As of February 1, 2008, he indicated that he has again been paroled.  On July 16, 2008, plaintiff's notice of change of address indicated that he was located at the Santa Rita Jail Facility.  On August 28, 2008, plaintiff filed a notice of change of address indicating his incarceration at San Quentin State Prison.  On October 9, 2008, plaintiff's change of address indicated he was once again paroled; however, in his latest change of address notices, plaintiff indicated, as of October 9, 2008, that he was an inmate at Santa Rita Jail, and, most recently, on January 5, 2009, plaintiff's change of address indicates that he is incarcerated at Deuel Vocational Institution.

1   request for judicial notice in support of his motion, filed on July 24, 2008; 3) plaintiff's defective

2   request for summary judgment, filed on September 15, 2008, is stricken as failing wholly to

3   comply with Fed. R. Civ. P. 56.

4           The court will not reiterate here the history of this action, which has been

5   exhaustively set forth in the court's Order and Findings and Recommendations, filed on February

6   28, 2008 (Docket # 37), wherein plaintiff was granted leave to amend as to defendant Rodriguez

7   only, and it was recommended that defendants' previous motion to dismiss be granted with

8   prejudice as to defendants Buford and Iniguez, which Findings and Recommendations were

9   adopted by Order, filed on March 20, 2008 (Docket # 38).

10  Second Amended Complaint

11          On April 21, 2008, plaintiff filed a second amended complaint,[2] naming as the

12  sole defendant Parole Agent R. Rodriguez of the San Jose Region II office.  Second Amended

13  Complaint (SAC), pp. 2-3.  Defendant Rodriguez is plaintiff's parole agent, responsible for

14  supervising plaintiff's parole and for discharging plaintiff from parole.  Id., at 3.  Although

15  plaintiff had been discharged from parole as of April 17, 2005, for which plaintiff had signed a

16  CDC 1515 form (a copy of which plaintiff does not attach to his complaint), defendant

17  Rodriguez placed a parole hold on plaintiff on July 12, 2006, and thereafter charged plaintiff with

18  "approx[imately]" two parole violations.  Id., at 3-4.  Defendant Rodriguez was deprived of his

19  liberty for eight months, was exposed to prison riots, was unable to work, and deprived of his

20  family's support due to the actions of defendant Rodriguez.  Plaintiff seeks money damages and

21  declaratory relief in the form of a declaration that plaintiff's parole discharge date was April 17,

22  2005.  Id., at 3.

23  \\\\\

24  _____

25  [2] Although the second amended complaint was filed beyond the 30-day deadline, plaintiff
    had submitted a request for extension of time, on April 1, 2008, which the court hereby grants,
    nunc pro tunc, to the extent that the April 21, 2008, second amended complaint will be deemed

26  timely filed.

<u>Motion to Dismiss</u>

Defendants move for dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6)[3] on the grounds that: 1) plaintiff's factual allegations, along with documents subject to judicial notice, demonstrate plaintiff was not held past his parole discharge date; 2) & 3) his factual allegations fail to state a cognizable due process claim or a cognizable Eighth Amendment claim; 4) even if defendant Rodriguez did not follow state law, plaintiff fails to state a claim; 5) at most, plaintiff alleges a state tort claim for false imprisonment which is barred by his failure to comply with the California Tort Claims Act; 6) plaintiff's claims are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S. Ct. 2364 (1994); 7) defendant Rodriguez is entitled to qualified immunity.   Motion to Dismiss (MTD), pp. 1-15.

### *Legal Standard for Motion to Dismiss*

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007).  "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." <u>Id.</u>, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, <u>reh'g</u> <u>denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'"

---

[3] Defendant moves for dismissal, noting that the court had not yet screened the second amended complaint.

1   National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803

2   (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992).

3   Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers.

4   Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

5         The court may consider facts established by exhibits attached to the complaint.

6   Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also

7   consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d

8   1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other

9   papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.

10   1986).  The court need not accept legal conclusions "cast in the form of factual allegations."

11   Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

12         A pro se litigant is entitled to notice of the deficiencies in the complaint and an

13   opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See

14   Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

15       *Discussion*

16         As to ground 1 of the motion to dismiss, that plaintiff's factual allegations, along

17   with documents subject to judicial notice, demonstrate plaintiff was not held past his parole

18   discharge date, defendant seeks judicial notice of plaintiff's case records as authenticated by a

19   correctional case records analyst.  See Request for Judicial Notice & Exhibit (Ex.) F.  The

20   records for which defendant seeks judicial notice include largely administrative records: Ex. A,

21   plaintiff's chronological case history; Ex. B, an 7/11/05 Abstract of Judgment identifying

22   plaintiff as having a 9/29/03 conviction under Cal. Penal Code § 290(g)(2), failing to inform of

23   new address, noting a 7/07/05 hearing wherein a sentence was pronounced and probation

24   revoked; Ex. C, a copy of a summary of revocation hearing and decision showing a May 31, 2005

25   arrest for plaintiff, with a June 6, 2005, parole violation report; 3) Ex. D, a document entitled

26   "calculation worksheet for controlling discharge date (CDD)," dated 2/03/06, noting a parole date

1  for plaintiff of 4/17/02 plus a parole period of 3 years and as original CDD of 4/17/05, also

2  showing four arrests/holds during the period of parole and revocation periods and a recalculated

3  CDD to 8/18/08; Ex. E, a document entitled RSTS Case Status Report (which defendant states

4  stands for Revocation Scheduling and Tracking System Status Report), showing an July 5, 2006,

5  arrest and parole hold date for plaintiff.

6          Defendant initially contends that the documents she submits are entitled to

7  judicial notice and demonstrate that plaintiff was not held past his parole discharge date.  On a

8  motion to dismiss for failure to state a claim:

9              [a] court may consider evidence on which the complaint
               "necessarily relies" if (1) the complaint refers to the document; (2)
10             the document is central to the plaintiff's claim; and (3) no party
               questions the authenticity of the copy attached to the 12(b)(6)
11             motion.

12  Marder v. Lopez, 450 F.3d 445, 448 2006 (citations omitted); see also, Marsh v. San Diego

13  County, 432 F. Supp.2d 1035 (S.D. Cal. 2006) ("[w]hen ruling on a motion to dismiss, the Court

14  *may* consider the facts alleged in the Complaint, documents attached to the Complaint,

15  documents relied upon but not attached to the Complaint when authenticity is not contested, and

16  matters of which the Court takes judicial notice [] [citing] Parrino v. FHP, Inc., 146 F.3d 699,

17  705-06 (9th Cir.1998); Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir.1994); MGIC Indem. Co.

18  v. Weisman, 803 F.2d 500, 504 (9th Cir.1986)" [emphasis in original]).

19          While defendants are correct that the court may take judicial notice of "matters of

20  public record" on a motion to dismiss without converting it into a summary judgment motion, it

21  may not take judicial notice of disputed facts stated in those public records.  Lee v. City of Los

22  Angeles, 250 F.3d 668, 689-690 (9th Cir.  2001).  That is, the court is limited to taking judicial

23  notice of undisputed matters of public record, but may not take judicial notice as to the validity

24  or truth of disputed facts stated in public records and on that basis dismiss § 1983 claims at the

25  pleading stage.  Id., at 690.

26  \\\\\

1          Defendant concedes that plaintiff originally had an April 17, 2005, parole

2   discharge date, but argues that intervening parole revocations served to advance that date, while

3   plaintiff contends that there was a binding contract entitling him to the original parole discharge

4   date, 4/17/05.  Motion to Dismiss (MTD), pp. 4-5, 7-8; Opposition (Opp.), p. 3.  Plaintiff argues

5   that defendant did not produce the contract on which he bases his claims and that the

6   chronological history for which defendant seeks judicial notice is incomplete, failing to show

7   BPH decisions, conclusions related to discharge reviews or extensions of parole.  Opp., pp. 3-4.

8   Confusingly, in his opposition, plaintiff does alter the date of the parole hold he is challenging

9   from that set forth in his complaint 7/12/06 to 5/31/05, evidently based on the documentation for

10  which defendant seeks judicial notice.  Opp., p. 2.  In reply, defendant argues that even if plaintiff

11  were permitted to further amend his complaint to set forth 5/31/05, rather than 7/12/06, as the

12  challenged parole hold date, the parole hold would nevertheless have been within plaintiff's

13  parole term.   Reply, p. 2.

14          Defendant cannot transmute the 12(b)(6) motion into one brought pursuant to Fed.

15  R. Civ. P. 56.  Defendant cites Levine v. Diamanthuset, Inc., 950 F.2d 1478, 1482 (9th Cir. 1991),

16  which states plainly that "review is limited... to the contents of the complaint."  As plaintiff

17  points out the one document referred to by plaintiff in the complaint is not included in the request

18  for judicial notice, the so-called contract setting forth his parole period (although defendant

19  argues that any such "contract" was essentially voided by plaintiff by parole revocations after the

20  initiation of the parole period).  While judicially noticeable *indisputable* facts from governmental

21  records may be reviewed on a motion to dismiss, judicial notice is not a vehicle for which the

22  facts in every governmental record become subject to judicial notice.  Defendant confuses the

23  hearsay exception for governmental records with judicially noticeable records.

24          The court will vacate the pending motion to permit defendant to bring a motion,

25  pursuant to Fed. R. Civ. P. 56, wherein all appropriate grounds may be raised.  In doing so,

26  defendant must demonstrate how the substance and content of the records for which defendant

1 | seeks judicial notice do not run afoul of the rules governing hearsay and exceptions thereto.  See

2 | Fed. R. Evid. Rules 801-803.

3 |      Accordingly, IT IS HEREBY ORDERED that:

4 |      1.  Plaintiff's April 1, 2008 (#39) request for an extension of time is granted, nunc

5 | pro tunc, to the extent that the second amended complaint, filed on April 21, 2008, is deemed

6 | filed timely;

7 |      2.  Defendant's request for judicial notice of documents, filed on July 24, 2008 (#

8 | 49), is denied;

9 |      3.  Plaintiff's defective request for summary judgment, filed on September 15,

10 | 2008 (# 58), which wholly fails to comply with Fed. R. Civ. P. 56, is stricken.

11 |      4.  Defendant's motion to dismiss, filed on July 24, 2008 (# 46), is vacated without

12 | prejudice, and defendant is directed to file a motion for summary judgment, pursuant to Fed. R.

13 | Civ. P. 56, within thirty (30) days of the filed date of this Order.

14 | DATED: 01/23/09

15 |           /s/ Gregory G. Hollows

16 |           UNITED STATES MAGISTRATE JUDGE

17

18 | GGH:009
hunt0141.mtd2

19

20

21

22

23

24

25

26